**Marcos Israel ROSALES, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 05–71482.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2007.*

Filed Nov. 21, 2007.

Susan E. Hill, Esq., Hill & Piibe, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carol Federighi, Esq., M. Jocelyn Wright, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Andrew Simonson, Esq., United States Attorney, Asst U.S. Attorney, Fairview Hts., IL, for Respondent.

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Marcos Israel Rosales, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals affirming an immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review a denial of asylum for substantial evidence, *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the IJ's determination that Rosales failed to establish past persecution. Unfulfilled threats, without more, generally do not rise to the level of persecution. *See Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000) (Threats may constitute persecution "when the threats are so menacing as to cause significant actual suffering or harm.") (citation and quotation omitted).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

To the extent Rosales challenges the IJ's finding that he did not establish a well-founded fear of future persecution, we conclude that substantial evidence supports the IJ's finding, in light of changed country conditions in Guatemala and the generalized nature of Rosales's fear. *See Molina–Estrada v. INS*, 293 F.3d 1089, 1095–96 (9th Cir.2002).

Because Rosales did not establish eligibility for asylum, it follows that he failed to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

We lack jurisdiction to consider Rosales's challenge to the denial of CAT protection because he failed to raise it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part and DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.